NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

CAUSE NO. 035485

| | | |
|---|---|---|
| **DAWN CHELISE JAMES** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | 506TH JUDICIAL DISTRICT |
| | § | |
| **RONALD ROCHA DANIELS and** | § | |
| **WHEATON VAN LINES, INC.** | § | |
| **Defendants.** | § | OF GRIMES COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Dawn Chelise James, hereinafter called Plaintiff, complaining of and about Ronald Rocha Daniels and Wheaton Van Lines Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 3

**PARTIES AND SERVICE**

2. Plaintiff, Dawn Chelise James, is an Individual whose address is 24033 Brazos Avenue, Iola, Texas 77861.

3. The last three numbers of Dawn Chelise James' driver's license number are 529.

4. The last three numbers of Dawn Chelise James' social security number are 493.

5. Defendant, Ronald Rocha Daniels, an Individual who is a resident of Florida, may be served with process at his home at the following address: 1801 W. 5th Avenue, Palmetto, Florida 34221 or wherever he may be found. Service of said Defendant as

Exhibit B-2

described above can be affected by personal delivery.

6. Defendant, Wheaton Van Lines, Inc., a Domestic For-Profit, may be served with process by serving its registered agent, Jeffrey Fultz, 1221 McKinney, Suite 4300, Houston, Texas 77010. Service of said Defendant as described above can be affected by personal delivery.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees.

9. This court has jurisdiction over the parties because the parties are residents of Texas and/or incorporated and doing business within the state.

10. Venue in Grimes County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11. On or about September 4, 2020, Defendant, Ronald Rocha Daniels, an employee of Defendant Wheaton Van Lines, Inc., while driving an 18-wheeler style truck with trailer on State Highway 30, a public road in Grimes County, Texas, drove in an unsafe and negligent manner when he failed to control speed and crashed into the truck driven by the Plaintiff, Dawn Chelise James, causing serious and permanent injuries. Defendant, Ronald Rocha Daniels, was working in the course and scope of duties for his employer at the time of the crash. Defendant, Ronald Rocha Daniels, was driving a semi/tractor trailer

owned by Wheaton Van Lines, Inc. at the time of the crash.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST RONALD ROCHA DANIELS

12. Plaintiff, Dawn Chelise James, incorporates all facts, allegations and causes of action above into this cause of action by reference.

13. The negligent, careless and reckless disregard of duty of Defendant's employee, Ronald Rocha Daniels, consisted of, but is not limited to, the following acts and omissions:

- A. In that Ronald Rocha Daniels failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Defendant, Ronald Rocha Daniels, failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question; and

- C. In that Defendant, Ronald Rocha Daniels, failed to turn his motor vehicle in an effort to avoid the collision complained of.

- D. In that Defendant, Ronald Rocha Daniels, failed to control his speed as a person of ordinary prudence under the same or similar circumstances.

14. Each of these acts and omissions, singularly or in combination with others, constituted negligence. Such acts and omissions proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

15. Ronald Rocha Daniels had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff's injuries were proximately caused by the negligent, careless and reckless disregard of said duty.

17. At the time of the incident herein described, Ronald Rocha Daniels was an employee and was acting in the course and scope of his employment with Defendant, Wheaton Van Lines, Inc.

**PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST WHEATON VAN LINES, INC.**

18. At the time of the occurrence of the act in question and immediately prior thereto, RONALD ROCHA DANIELS was within the course and scope of employment for Defendant Wheaton Van Lines, Inc. Defendant, Ronald Rocha Daniels, was driving a semi/tractor trailer owned by Wheaton Van Lines, Inc. at the time of the crash.

19. At the time of the occurrence of the act in question and immediately prior thereto, Ronald Rocha Daniels was engaged in the furtherance of Defendant, Wheaton Van Lines, Inc.'s business.

20. At the time of the occurrence of the act in question and immediately prior thereto, Ronald Rocha Daniels was engaged in accomplishing a task for which Ronald Rocha Daniels was employed.

21. Plaintiff, Dawn Chelise James, invokes the doctrine of respondeat superior, actual agency and apparent agency against Defendant, Wheaton Van Lines, Inc.

**PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENCE PER SE AGAINST WHEATON VAN LINES, INC.**

22. On or about September 4, 2020, Defendant Wheaton Van Lines, Inc. was the employer of Ronald Rocha Daniels. Defendant, Ronald Rocha Daniels, was driving a semi/tractor trailer owned by Wheaton Van Lines, Inc. at the time of the crash.

23. Corporate defendant entrusted the vehicle to Ronald Rocha Daniels, a negligent, reckless and/or incompetent driver.

24. Corporate defendant knew, or through the exercise of reasonable care should

have known, that Ronald Rocha Daniels was a negligent, reckless and/or incompetent driver.

25. As described herein, Ronald Rocha Daniels was negligent on the occasion in question.

26. Ronald Rocha Daniels' negligence was the proximate cause of Plaintiff's damages.

27. Corporate defendant had a duty to act reasonably in hiring, retaining and training Ronald Rocha Daniels, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

28. Defendant, Wheaton Van Lines, Inc., also had a duty to ensure it sufficiently trained its manpower to safely transport the load which it was transporting.

29. Defendant, Wheaton Van Lines, Inc., is an interstate motor carrier subject to Federal Motor Carrier Safety Administration Regulations and is, therefore, responsible for the acts of its employee, Ronald Rocha Daniels.

30. Defendant, Wheaton Van Lines, Inc., had a common law and statutory/regulatory duty to act reasonably in hiring and retaining its employee, Ronald Rocha Daniels; and to adopt and enforce policies, procedures, and rules to ensure its drivers acted safely, and its tractor trailers were operated and maintained safely.

31. Corporate defendant had a statutory, regulatory and contractual duty to properly inspect, repair and maintain that they owned or were leasing.

32. Plaintiff, Dawn Chelise James, reserves the right to amend the Petition and revise and add claims of negligence and negligence per se against Defendant. Corporate defendant's conduct may constitute unexcused breach of duty imposed by certain Federal

and State Regulations. Plaintiff's Petition will be amended to reflect said duties and violations when they are known.

33. Defendant failed in the above-mentioned duties and was therefore negligent.

34. Defendant's negligence and negligence per se was the direct and proximately cause of Plaintiff's injuries.

35. Corporate defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

36. Plaintiff's injuries were proximately caused by Ronald Rocha Daniels' negligent, careless and reckless disregard of said duty.

### DAMAGES FOR PLAINTIFF, DAWN CHELISE JAMES

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Dawn Chelise James, was caused to suffer personal injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Dawn Chelise James, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county provided;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Mental anguish in the past and future;

H.  Suffered loss of earning capacity in the past and future, including lost wages; and

I.  Fear of future disease and costs of medical monitoring and prevention in the future.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: efileCJones@ChadJonesLaw.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dawn Chelise James, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

CHAD JONES LAW, P.C.

By: _____
Chad E. Jones
Texas Bar No. 24002369
Email: Jones@ChadJonesLaw.com

E-Service: efileCJones@ChadJonesLaw.com
P.O. Box 4408
Bryan, TX 77805
Tel. (979) 595-5000
Fax (800) 645-1941
Attorneys for Plaintiff,
Dawn Chelise James